The court unanimously affirmed this judgment, and the following opinions were delivered.
Kirkpatrick C. J.
This was an action of trespass brought by Benjamin Munn, jun. against Henry F. Post> for breaking and injuring a fishing net in the river Passaiclc. Munn was the owner of a fishery, and had a right to fish at a certain place in the said river. He kept a net for this purpose, and at this time, had employed men to fish, giving them for their compensation, a cer*tain proportion of the fish which were caught. Post was the master of a boat in the same river, and was sailing the same, in the pursuit of his lawful business.
The plaintiff’s hands had thrown out their net to make a haul, and whilst it was so thrown out, the defendant run his boat against it, and committed the injury complained of.
■ Several questions were raised before the justice, upon the trial, by the defendant’s counsel, and being determined against him, are now brought up here for consideration.
1. It is said that the river Passaick is a navigable river, in which the tide ebbs and flows; that it is therefore a common high way, upon which all the citizens of the state have a right to pass and repass at pleasure; that the *69 right of fishery is subordinate to the right of navigation, and must yield to it; and that therefore, the injury plained of, having happened in the legitimate exercise of this superior right, the defendant is not liable in damages.
Now it is certainly true, that the right of navigation in this river is superior to all other rights, and particularly to the right of fishery. The master of a vessel is not obliged to slacken his sail, or change his course, or yield the channel, to a fishing net. Yet if under the pretence of exercising this right, he shall turn out of his course to run upon a net, or if he shall lie in wait till the net be spread, and then crowd sail to reach it, or if he shall unnecessarily anchor on fishing ground, or otherwise loiter about it, to prevent its being used as such, in all these cases, and a hundred others of the like nature, which might easily be mentioned, he is answerable in damages. The right of navigation, though superior, does not take away the right of fishery; it only limits it, and limits only so far as it interferes with its own fair, useful, and legitimate exercise.
Whether a master of a vessel, therefore, be liable or not in any particular case, must depend upon the use he is making of this superior right. If he is using it fairly, for fair,useful, and legitimate purposes,he goes quit; but if, as a mere pretext, to suppress • and destroy the subordinate rights of others, he must answer. And this is always a question of fact, which must be submitted to the jury. In this case, the justice certifies that there was strong evidence that the injury was done by design. He submitted the question to the jury upon this principle, and in so doing, he submitted it rightly.
2. The hands employed by Munn to fish, who were actually engaged in managing the net at this time, were objected to as witnesses, because they were to have for their wages a share of the fish caught, and not a sum certain in money, and therefore were interested.
This objection, certainly cannot be maintained. It is an action of trespass, for a direct injury to the property of Munn the plaintiff. The judgment could in no wray operate to the benefit of these hands, by direct and necessary consequence. What the plaintiff might think *70 reasonable, and how he might think proper to distribute money recovered, is nothing to the purpose. The whole sum recovered is his. They have no lawful claim against him for any part of it.
3. Munn, the plaintiff, offered to prove by these witnesses, at the trial, something concerning the run of the shad in the river, a day or two previous to this affair, and the number caught at a haul, and to this the defendant objected.
But in actions of trespass, the damages are not always to be measured by the actual costs of the thing injured or destroyed. The whole loss sustained, is to be taken into view; and this depends upon its uses, its profits, the particular season or time, or occasion of the injury done, and the benefits or advantages lost thereby, (a) And if so, all these must necessarily be proved and submitted to the consideration of the jury. The defendant seems to have entertained an erroneous idea too, with respect to the augmentation of damages, to arise from the proof of these facts, tie urges before the justice, and now here, that this augmentation, at least, will go into the pockets of these very witnesses, they being paid in a share of the fish, and not in money. But there is nothing in this. As has been said before, they can take nothing by the judgment.
4. As to the action -being brought in the name of the hands, and not of the owner of the net; and as to its being brought against the sailors, and not against the master of the vessel; because he was in the cabin ; and as to its being an action on the case, and not an action of tresspass: objections like these cannot prevail. It is therefore the opinion of the court, that the judgment must be affirmed.
*Southard J.
The injury complained of, in this action, is the destruction of a fishing net, in the Passaick river, by running a vessel through it, while extended for the purpose of taking shad. The defence rests upon the broad ground, that the Passaick is a navigable river; that the injury was done while in the regular and accustomed exercise of the right of navigation ; and that this right is *71 paramount to, and cannot be impeded or interrupted by the right of fishing.
The positions assumed by the defendant, are supposed to be, not only tenable, but such as cannot be overthrown. It is, however, unfortunate for him, that they do not go far enough to protect him in this action. The Passaick is a navigable river, and the right of navigation in it, is a paramount right (Harg. Law Tracts, 9-22. Swift, 341.) but it is not the only right. The right of fishing must yield to it, where they come in conflict; but is not swallowed up and obliterated by it. Where one only can be enjoyed, that of navigation must be the one; where both can be enjoyed, freely and fairly : that of navigation has no authority to trespass upon, and injure the other.
The proper inquiry, in a case like the present, is; could both rights have been enjoyed? Did the defendant, in pursuit of his lawful and paramount right, intentionally and unnecessarily trespass upon the plaintiff, in the exercise of his lawful, but inferior right? If he did, no principle, either of law or justice, will prevent his being compelled to compensate in damages, for the injury he inflicted. The question of his liability, then becomes one of intention; and must depend upon the evidence which the jury have before them, and which they will weigh, as in every other case.
It seems to me, therefore, that no possible objection can well be made, on this point, to the course taken by the court below. The return states, that there was strong evidence that the injury was done by design or neglect, and that this evidence was left to the jury for their decision. Whether the jury decided correctly, it is not now in the power of this court to say the presumption is in favour of their accuracy, and nothing appears to disprove the presumption.
The next objection taken to the proceedings below, is; that certain persons who were working with the net, and were to be *paid by a share of the fish caught, were admitted as witnesses; whereas, they ought to have been parties.
In order to estimate correctly, the value of this objection, it is only necessary to recollect; that the net and the right *72 of the fishery, belonged exclusively to the plaintiff^ and that he had employed these men, agreeing to satisfy them for their labour, with a determined proportion of the fish caught. He was injured, as he alleged, not by an accidental or consequential effect of the plaintiff’s action, but by a direct and designed trespass. He therefore sues for the injury not to those in his employ but to himself; for the injury to his net, and his loss of fish. Why then must they be joined in the action?’ Why precluded from giving testimony? He could in no possible shape, recover what belongs to them. They can in no possible shape, claim the smallest portion of what he does recover. They can, in no way, be prevented from maintaining any suit, which they could have maintained before this was* brought.
As little solidity does there seem in the objection, to the proof about the run of the shad, and the usual profits of the net. For what is the suit brought ? Not alone for the mere tearing of the net. That is but a small portion of the damage sustained. The greatest part of the injury, arises from losing the use of the net; and the value of that use, depends upon the run of the shad. There is no other mode, in which the plaintiff could shew what really were the damages sustained by him.
I am something at a loss to contrive, bjr what mode of reasoning, the counsel for the defendant, could satisfy his own mind, that the two remaining objections were even plausible. The defendant (a) was still the master of the vessel, though he was sitting in the cabin; and the injury complained of, was direct, immediate, and intentional; not consequential or accidental.
Upon none of the objections is the defendant well founded. Judgment below ought to be affirmed.
Judgment affirmed.

 See Farrell vs. Colwell, 1 Vr. 123.

 Master liable. Gibbons vs. Morse, 2 Hal. 253. Cutter vs. Moore, 3 Hal. 219. Aycrigg vs. N. Y. & E. R. R. Co., 1 Vr. 460.